IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RYAN COLEMAN | : | |
| | : | |
| v. | : | Civil No. CCB-11-02917 |
| | : | |
| IMMACULATE HEART OF MARY SCHOOL, et al. | : | |
| | : | |

**MEMORANDUM**

Plaintiff Ryan Coleman filed suit in Maryland state court against the Immaculate Heart of Mary School, the Roman Catholic Archbishop of Baltimore, and Alison Alessandro, an employee of the Archdiocese of Baltimore. He alleged state law tort claims of negligence, negligent supervision, negligent hiring and retention, invasion of privacy, defamation, and intentional infliction of emotional distress, as well as state and federal constitution violations. The suit was removed to this court pursuant to federal question jurisdiction, and the defendants have filed a 12(b)(6) motion to dismiss. No hearing is necessary. *See* Local Rule 105.6. For the following reasons, the defendants' motion will be granted and this case will be closed.

On July 8, 2010, Mr. Coleman was arrested for sexual child abuse and other related charges. The arrest garnered significant publicity in the Baltimore area, and the charges remain pending in state court. Mr. Coleman, who is a parent of a child at the Immaculate Heart of Mary School, received a letter after the arrest from Ms. Alessandro, the director of the Office of Child & Youth Protection for the Archdiocese of Baltimore. The letter informed him that the Archdiocese found it necessary, "[d]ue to the nature of the crimes for which [he had] been

1

charged," to place restrictions on his access to school property, as well as any volunteer activities or employment with the Archdiocese. The letter did not address the specific nature of the charges against Mr. Coleman.  If Mr. Coleman did not comply with the restrictions, the letter stated, his daughter could be removed from the school.  After requesting clarification of the policy the Archdiocese had applied to him, Mr. Coleman filed this suit.

Mr. Coleman has not alleged negligence claims that can survive a motion to dismiss.  Mr. Coleman has failed to articulate any legal duty or standard of care defendants have breached by applying the instant restrictions to him.  And, Mr. Coleman's claims contain no specific factual allegations of damages, claiming only that the defendants "caused harm to his reputation, undue mental anguish and personal humiliation." (Compl. ¶ 14.)  In Maryland, a plaintiff may only recover damages for emotional injury in a negligence action where the emotional distress is accompanied by physical harm or is otherwise objectively determinable.  *Beynon v. Montgomery Cnty. Cablevision Ltd.*, 718 A.2d 1161, 1163, 1169 (Md. 1998).  Mr. Coleman has alleged no facts that suggest his injuries meet this standard.  To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted).  Mr. Coleman's negligence, negligent hiring and retention, and negligent supervision claims must therefore be dismissed.

The claims of defamation, invasion of privacy, and intentional infliction of emotional distress are also without merit.  Where "a plaintiff cannot prove the falsity of a particular statement, the statement will not support an action for defamation." *Spengler v. Sears, Roebuck*

*& Co.*, 878 A.2d 628, 640 (Md. App. 2005). Because there is no question that Mr. Coleman was charged with various child abuse and sexual assault crimes, defendants' letter to him reciting that he had been charged with a crime cannot be the basis for a defamation claim. Mr. Coleman's false light invasion of privacy claim must be dismissed for the same reason. *See Furman v. Sheppard*, 744 A.2d 583, 587–88 (Md. App. 2000) (holding that truth is a complete defense to a false light claim). There is no indication that the defendants' decision to restrict Mr. Coleman's access to the school was extreme or outrageous, and Mr. Coleman has failed to allege the level of emotional distress necessary to meet Maryland's high bar for claims of intentional infliction of emotional distress. *See Figueiredo-Torres v. Nickel*, 584 A.2d 69, 75 (Md. 1991) (noting relief for a claim of intentional infliction of emotion distress should be "meted out sparingly" and "reserved for those wounds that are truly severe and incapable of healing themselves").

Finally, Mr. Coleman's constitutional claims fail. Mr. Coleman has suggested no comprehensible theory of a Fourth Amendment violation, and his claim under the Fourteenth Amendment does not meet the requirement of state action. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) ("The state action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments.") (internal quotations marks and citations omitted); *Rendell-Baker v. Kohn*, 457 U.S. 830, 832, 843 (1982) (holding that a private school was not a state actor for the purposes of the Fourteenth Amendment, despite receiving over ninety percent of its operating budget from public funding); *Fike v. United Methodist Children's Home of Virginia, Inc.*, 709 F.2d 284, 286 (4th Cir. 1983) (listing various tests by which state participation in a private organization's affairs may cause the organization's action to be

3

considered state action).  His state constitutional claims are similarly unavailing.  *See Miller v. Fairchild Industries, Inc.*, 629 A.2d 1293, 1299 (Md. App. 1993) ("Constitutional guarantees have been uniformly interpreted to restrain and restrict only the conduct of the *government vis-a-vis* private individuals.") (emphasis in original).

      For the foregoing reasons, defendants' motion to dismiss for failure to state a claim will be granted as to all counts.

      A separate order follows.

<u>January 9, 2012</u>　　　　　　　　　　　　　　　<u>　　　　/s/　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge